David H. Boren, Esq. SBN 186316
    *dboren@rlfllp.com*
RITHOLZ LEVY FIELDS LLP
10940 Wilshire Boulevard, Suite 1600
Los Angeles, CA 90024
Bus: (310) 443-4176
Fax: (310) 443-4220

Attorneys for Defendants
BRAIN BUSTER ENTERPRISES, LLC and
TP APPAREL, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| ATARI INTERACTIVE, INC., | Case No.: 18-CV-04115-JST |
| Plaintiff, | |
| vs. | **ANSWER TO PLAINTIFF'S COMPLAINT FILED BY DEFENDANTS TP APPAREL, LLC AND BRAIN BUSTER ENTERPRISES, LLC AND COUNTERCLAIM** |
| TP APPAREL, LLC dba TEEPUBLIC; BRAIN BUSTER ENTERPRISES, LLC, dba TEEPUBLIC, | |
| Defendants. | **DEMAND FOR JURY TRIAL** |
| | Complaint Filed: July 10, 2018 |

0103236  _____

ANSWER TO COMPLAINT AND COUNTERCLAIM

Defendants TP Apparel, LLC ("TP") and Brain Buster Enterprises, LLC ("Brain Buster") (collectively, "Defendants") hereby answers the Complaint filed by Plaintiff Atari Interactive, Inc. ("Plaintiff") as follows:

## PARTIES

1. Defendants lack sufficient information to answer the allegations in Paragraph 1 of the Complaint and, basing their denial on that ground, deny the allegations of this paragraph.

2. Defendants admit that Defendant TP Apparel, LLC has done business as Teepublic and is currently doing business as Teepublic. Defendants admit that at one point in time, Brain Buster also did business as Teepublic. However, Brain Buster has not done business as Teepublic since approximately October of 2017. Defendants admit that both entities have their principal places of business in New York, New York.

## JURISDICTION AND VENUE

3. Defendants admit that this Court has subject matter jurisdiction over this action.

4. Defendants deny the allegations of this paragraph.

5. Defendants lack sufficient information to answer the allegations in Paragraph 5 of the Complaint and, basing their denial on that ground, deny the allegations of this paragraph.

## GENERAL ALLEGATIONS

A. Defendants lack sufficient information to answer the allegations in Header A of the General Allegations of the Complaint and, basing their denial on that ground, deny the allegations of this paragraph.

0103236

ANSWER TO COMPLAINT AND COUNTERCLAIM

6. Defendants lack sufficient information to answer the allegations in Paragraph 6 of the Complaint and, basing their denial on that ground, deny the allegations of this paragraph.

7. Defendants deny the allegations of this paragraph.

8. Defendants lack sufficient information to answer the allegations in Paragraph 8 of the Complaint and, basing their denial on that ground, deny the allegations of this paragraph.

9. Defendants lack sufficient information to answer the allegations in Paragraph 9 of the Complaint and, basing their denial on that ground, deny the allegations of this paragraph.

10. Defendants lack sufficient information to answer the allegations in Paragraph 10 of the Complaint and, basing their denial on that ground, deny the allegations of this paragraph.

11. Defendants lack sufficient information to answer the allegations in Paragraph 11 of the Complaint and, basing their denial on that ground, deny the allegations of this paragraph.

12. Defendants lack sufficient information to answer the allegations in Paragraph 12 of the Complaint and, basing their denial on that ground, deny the allegations of this paragraph.

13. Defendants lack sufficient information to answer the allegations in Paragraph 13 of the Complaint and, basing their denial on that ground, deny the allegations of this paragraph.

B. Defendants deny the allegations set forth in the title in Section Header B of the General Allegations of the Complaint.

14. Defendants admit that www.teepublic.com was launched in 2013 and that the site did describe itself as the "place to discover, support and promote the

worlds (sic) best independent t-shirt designers." Defendants deny the remaining allegations set forth in this paragraph.

15. Defendants admit that through Teepublic's website, www.teepublic.com, visitors can upload designs that Teepublic then displays on the website. The designs on the website are offered for sale on various products. Defendants deny the remaining allegations of this paragraph.

16. Defendants deny the allegations of this paragraph.

17. Defendants deny the allegations of this paragraph.

18. Defendants deny the allegations of this paragraph.

19. Defendants deny the allegations of this paragraph.

## FIRST CLAIM FOR RELIEF

(Trademark Infringement and Counterfeiting)

20. Defendants incorporate by reference their responses to paragraphs 1-19 as set forth above.

21. Defendants lack sufficient information to answer the allegations in Paragraph 21 of the Complaint and, basing their denial on that ground, deny the allegations of this paragraph.

22. Defendants deny the allegations of this paragraph.

23. Defendants deny the allegations of this paragraph.

24. Defendants deny the allegations of this paragraph.

25. Defendants lack sufficient information to answer the allegations in Paragraph 25 of the Complaint and, basing their denial on that ground, deny the allegations of this paragraph.

26. Defendants deny the allegations of this paragraph.

27. Defendants deny the allegations of this paragraph.

28. Defendants deny the allegations of this paragraph.

29. Defendants deny the allegations of this paragraph.

0103236

_____
ANSWER TO COMPLAINT AND COUNTERCLAIM

30. Defendants deny the allegations of this paragraph.

## SECOND CLAIM FOR RELIEF

(Copyright Infringement)

31. Defendants incorporate by reference their responses to paragraphs 1-30 as set forth above.

32. Defendants lack sufficient information to answer the allegations in Paragraph 32 of the Complaint and, basing their denial on that ground, deny the allegations of this paragraph.

33. Defendants deny the allegations of this paragraph.

34. Defendants deny the allegations of this paragraph.

35. Defendants deny the allegations of this paragraph.

36. Defendants deny the allegations of this paragraph.

37. Defendants deny the allegations of this paragraph.

38. Defendants deny the allegations of this paragraph.

## THIRD CLAIM FOR RELIEF

(Trademark Dilution)

39. Defendants incorporate by reference their responses to paragraphs 1-38 as set forth above.

40. Defendants lack sufficient information to answer the allegations in Paragraph 40 of the Complaint and, basing their denial on that ground, deny the allegations of this paragraph.

41. Defendants deny the allegations of this paragraph.

42. Defendants deny the allegations of this paragraph.

43. Defendants deny the allegations of this paragraph.

44. Defendants deny the allegations of this paragraph.

## **FOURTH CLAIM FOR RELIEF**

(False Designation of Origin)

45. Defendants incorporate by reference their responses to paragraphs 1-44 as set forth above.

46. Defendants deny the allegations of this paragraph.

47. Defendants deny the allegations of this paragraph.

48. Defendants deny the allegations of this paragraph.

49. Defendants lack sufficient information to answer the allegations in Paragraph 49 of the Complaint and, basing their denial on that ground, deny the allegations of this paragraph.

50. Defendants deny the allegations of this paragraph.

51. Defendants deny the allegations of this paragraph.

52. Defendants deny the allegations of this paragraph.

53. Defendants deny the allegations of this paragraph.

54. Defendants deny the allegations of this paragraph.

## **FIFTH CLAIM FOR RELIEF**

(Common Law Unfair Competition)

55. Defendants incorporate by reference their responses to paragraphs 1-54 as set forth above.

56. Defendants deny the allegations of this paragraph.

57. Defendants deny the allegations of this paragraph.

58. Defendants deny the allegations of this paragraph.

59. Defendants deny the allegations of this paragraph.

60. Defendants deny the allegations of this paragraph.

## SIXTH CLAIM FOR RELIEF

(Contributory Trademark Infringement and Counterfeiting)

61. Defendants incorporate by reference their responses to paragraphs 1-60 as set forth above.

62. Defendants deny the allegations of this paragraph.

63. Defendants deny the allegations of this paragraph.

64. Defendants deny the allegations of this paragraph.

65. Defendants deny the allegations of this paragraph.

## SEVENTH CLAIM FOR RELIEF

(Contributory Copyright Infringement)

66. Defendants incorporate by reference their responses to paragraphs 1-65 as set forth above.

67. Defendants deny the allegations of this paragraph.

68. Defendants deny the allegations of this paragraph.

69. Defendants deny the allegations of this paragraph.

70. Defendants deny the allegations of this paragraph.

## EIGHTH CLAIM FOR RELIEF

(Vicarious Trademark Infringement and Counterfeiting)

71. Defendants incorporate by reference their responses to paragraphs 1-70 as set forth above.

72. Defendants deny the allegations of this paragraph.

73. Defendants deny the allegations of this paragraph.

74. Defendants deny the allegations of this paragraph.

## NINTH CLAIM FOR RELIEF

(Vicarious Copyright Infringement)

75. Defendants incorporate by reference their responses to paragraphs 1-74 as set forth above.

76. Defendants deny the allegations of this paragraph.

77. Defendants deny the allegations of this paragraph.

78. Defendants deny the allegations of this paragraph.

79. Defendants deny the allegations in the Prayer for Relief or that Plaintiff is entitled to any relief.

80. Defendants deny all remaining allegations in Plaintiff's Complaint not specifically admitted.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

1. As a separate and affirmative defense to each and every claim for relief, Defendants allege that Plaintiff's Complaint fails to set forth sufficient facts so as to state a claim for which relief can be granted against it.

## SECOND AFFIRMATIVE DEFENSE

(Abandonment)

2. As a separate and affirmative defense to each and every claim under the Lanham Act, and without shifting the burden of proof, Defendants allege that Plaintiff has abandoned the trademarks alleged in its Complaint pursuant to the Lanham Act.

0103236

_____
ANSWER TO COMPLAINT AND COUNTERCLAIM

### THIRD AFFIRMATIVE DEFENSE
(Prior Use)

3. As a separate and affirmative defense to each and every claim for relief, Defendants allege that Plaintiff's claims for relief are barred by prior use and/or registration by a third party.

### FOURTH AFFIRMATIVE DEFENSE
(No Notice)

4. As a separate and affirmative defense to each and every claim for relief, Defendants allege that they did not receive any notice of any alleged infringement and, therefore, such claims are barred.

### FIFTH AFFIRMATIVE DEFENSE
(Digital Millennium Copyright Act)

5. As a separate and affirmative defense to the copyright claims alleged in the Complaint, Defendants contend they are in compliance with Section 512(c) of the Digital Millennium Copyright Act and are entitled to the safe harbor protections set forth therein.

### SIXTH AFFIRMATIVE DEFENSE
(Lack of Knowledge)

6. As a separate and affirmative defense to each and every claim for relief, Defendants allege that Plaintiff's claims are barred because Defendants lacked knowledge of any specific infringement and/or their conduct was in good faith and innocent. Moreover, when made aware of the allegedly infringing items as set forth in Plaintiff's complaint, such items were immediately removed from the Teepublic website.

## SEVENTH AFFIRMATIVE DEFENSE
(Non-Trademark Use)

7. As a separate and affirmative defense to the Lanham Act and unfair competition claims, Defendants allege that the alleged infringing uses of the trademarks at issue in the complaint were not done as a trademark or service mark and, therefore, do not create a likelihood of confusion.

## EIGHTH AFFIRMATIVE DEFENSE
(Ornamental Use)

8. As a separate and affirmative defense to the Lanham Act and unfair competition claims, Defendants allege that the use of the trademarks were ornamental in nature and, therefore, do not create a likelihood of confusion.

## NINTH AFFIRMATIVE DEFENSE
(Fair Use)

9. As a separate and affirmative defense to each and every claim for relief, Defendants allege that Plaintiff's claims are barred by the doctrine of fair use.

## TENTH AFFIRMATIVE DEFENSE
(Failure to Mitigate)

10. As a separate and affirmative defense to each and every claim for relief, Defendants allege that Plaintiff failed to mitigate damages, if any.

## ELEVENTH AFFIRMATIVE DEFENSE
(Improper or Illegal Conduct)

11. As a separate and affirmative defense to each and every claim for relief, Defendants allege that Plaintiff's claims are barred, in whole or in part, by virtue of Plaintiff's own improper, illegal or inequitable conduct.

## TWELFTH AFFIRMATIVE DEFENSE

(Unclean Hands)

12. As a separate and affirmative defense to each and every claim for relief, Defendants allege that Plaintiff's claims are barred by the doctrine of unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Estoppel)

13. As a separate and affirmative defense to each and every claim for relief, Defendant alleges that Plaintiff's claims are barred by the doctrine of estoppel.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Waiver)

14. As a separate and affirmative defense to each and every claim for relief, Defendants allege that Plaintiff's claims are barred by the doctrine of waiver.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Laches)

15. As a separate and affirmative defense to each and every claim for relief, Defendants allege that Plaintiff's claims are barred by the doctrine of laches.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

16. As a separate and affirmative defense to each and every claim for relief, Defendants allege that Plaintiff's claims are barred by the statute of limitations.

### SEVENTEENTH AFFIRMATIVE DEFENSE

(Unjust Enrichment)

17. As a separate and affirmative defense to each and every claim for relief, Defendants allege that to grant relief to Plaintiff would unjustly enrich Plaintiff.

### EIGHTEENTH AFFIRMATIVE DEFENSE

(Offset)

18. As a separate and affirmative defense to each and every claim for relief, Defendants allege that Plaintiff's claims are barred and/or offset by virtue of Plaintiff's own wrongful, unlawful, tortious or improper conduct.

### NINETEENTH AFFIRMATIVE DEFENSE

(No Damages)

19. As a separate and affirmative defense to each and every claim for relief, Defendants allege that Plaintiff's claims are barred because Plaintiff has suffered no damages which were caused by, or attributable to, any alleged act of Defendants.

### TWENTIETH AFFIRMATIVE DEFENSE

(Misuse)

20. As a separate and affirmative defense to each and every claim for relief, Defendants allege that Plaintiff is attempting to enforce its trademarks and/or copyrights beyond their intended use.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(Justification)

21. As a separate and affirmative defense to each and every claim for relief, Defendants allege that Plaintiff's claims are barred in whole or in part because its actions were legally justified.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(Third Parties)

22. As a separate and affirmative defense to each and every claim for relief, Defendants allege any damages suffered by Plaintiff, if any, were caused by parties other than Defendant.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(No Injunctive Relief)

23. As a separate and affirmative defense to each and every claim for relief, Defendants allege that Plaintiff has not suffered any irreparable injury and that injunctive relief would be contrary to the public interest.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Misuse of Trademark)

24. As a separate and affirmative defense to each and every claim for relief, Defendants allege that Plaintiff's claims are barred in whole or in part because Plaintiff has acted to injure competition and has committed acts constituting misuse of trademark as well as unfair competition.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Lack of Valid Copyright Registrations)

25. As a separate and affirmative defense to each copyright infringement claim alleged in the Complaint, Defendants allege that Plaintiff does not have valid copyright registrations for the infringements alleged in the Complaint.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Lack of Specificity)

26.     As a separate and affirmative defense to each and every claim for relief, Defendants allege that Plaintiff has not alleged which copyrights and/or trademarks are actually at issue in the Complaint.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(No Punitive Damages)

27.     As a separate and affirmative defense to each and every claim for relief, Defendants allege that Plaintiff is precluded from recovering punitive damages under the applicable provisions of law including, but not limited to, the United States Constitution.

Defendants hereby reserve their right to assert additional affirmative defenses that become available or apparent during the pendency of this action.

WHEREFORE, Defendants pray for relief as follows:

1.     Plaintiff take nothing by virtue of its Complaint;
2.     Plaintiff's Complaint be dismissed in its entirety, with prejudice, and that judgment be entered in favor of Defendants;
3.     that no compensatory damages be awarded;
4.     that no attorney's fees be awarded;
5.     that no punitive damages be awarded;
6.     for costs of suit incurred herein; and
7.     for such other and further relief as this Court deems just and proper.

0103236

ANSWER TO COMPLAINT AND COUNTERCLAIM

## COUNTERCLAIM

TP Apparel, LLC ("TP") and Brain Buster Enterprises, LLC ("Brain Buster") (collectively "Counter-Plaintiffs") bring the following counterclaim against Atari Interactive, Inc. ("Atari").

## PARTIES

1. Counter-Plaintiff TP Apparel, LLC d/b/a Teepublic is a New York limited liability company with its principal places of business in New York, New York.

2. Counter-Plaintiff Brain Busters, LLC is a New York limited liability company with its principal place of business in New York, New York.

3. Counter-Defendant Atari Interactive, Inc. ("Atari") is a Delaware corporation with its principal place of business in California.

## JURISDICTION AND VENUE

4. Atari is subject to personal jurisdiction of this Court because, among other reasons, Atari (a) consented to this Court's jurisdiction in initiating this action against Counter-Plaintiffs; and (b) otherwise transacts business in California.

5. This Court has subject-matter jurisdiction over Counter-Plaintiffs' claims pursuant to U.S.C. §§ 1331 and 1338.

6. Venue is proper in this Court under 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

7. Counter-Plaintiffs operate websites that allow customers to design and sell t-shirts and other products on their websites.

8. In its Complaint, Atari alleges that Counter-Plaintiffs infringed its alleged rights in numerous, and often unidentified, trademarks described in its Complaint including, but not limited to, USPTO Registration No. 4,214,210 for the

ATARI name and logo, USPTO No. 4,324,638 for the PONG name and logo, as well as trademarks for the CENTIPEDE, ASTEROIDS, BREAKOUT, MISSILE COMMAND, ADVENTURE and YAR'S REVENGE names ("Claimed Trademarks"), by selling t-shirts and other items bearing the Claimed Trademarks on www.teepublic.com.

9. Atari failed to use and/or exercise any rights with respect to the trademarks it seeks to enforce in this litigation for significant periods of time since Atari's inception in 1972.

10. Upon information and belief, Atari failed to take any steps necessary to protect the Claimed Trademarks from use by third parties from inception through at least 2008, if not 2014.

11. Atari also failed to conduct adequate enforcement and/or policing efforts necessary to maintain customers' association between the Claimed Trademarks and Atari during the same period of time.

12. As a result, for decades, the relevant market purchased clothing or other items containing Atari's Claimed Trademarks before Atari ever filed for trademark registration or otherwise utilized those marks on clothing or other items in commerce.

13. Atari also failed to use the Claimed Trademarks in commerce for a significant and material period of time that further evidences Atari's abandonment of the Claimed Trademarks.

14. Subsequently, Atari engaged in "naked licensing" of the Claimed Trademarks and did not exercise any quality control over the use of its marks on clothing and apparel in commerce.

15. As a result, Atari has abandoned its trademarks under 15 U.S.C. § 1127.

## COUNT I

### (Declaration of Non-Infringement)

16. Counter-Plaintiffs repeat and re-allege by reference the allegations in Paragraphs 1-15 as set forth above.

17. In the Complaint, Atari alleges Counter-Plaintiffs have infringed its Claimed Trademarks by incorporating those Claimed Trademarks into clothing designs and on other products.

18. Atari has, however, abandoned the Claimed Trademarks.

19. There exists an actual and justiciable controversy between Counter-Plaintiffs and Atari regarding the use of Atari's Claimed Trademarks on clothing and other items sold on Counter-Plaintiffs' website(s).

20. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., Counter-Plaintiffs request this Court enter a judgment that the use of the Claimed Trademarks on clothing and other items designed and sold on www.teepublic.com do not infringe any rights held by Atari.

## COUNT II

### (Cancellation of Trademark Registrations)

21. Counter-Plaintiffs repeat and re-allege by reference the allegations in Paragraphs 1-20 as set forth above.

22. This Court may "order the cancelation of registrations, in whole or in part," pursuant to 15 U.S.C. § 1119.

23. Atari has abandoned its Claimed Trademarks at issue in its Complaint through (a) significant periods of non-use; (b) naked licensing; (c) failure to take any steps necessary to register and/or otherwise protect the Claimed Trademarks; and/or (d) other acts and/or omissions that caused the Claimed Trademarks to lose their significance as marks.

0103236

_____
ANSWER TO COMPLAINT AND COUNTERCLAIM

24. Therefore, Counter-Plaintiffs request that the registrations in the Claimed Trademarks at issue in the Complaint be cancelled.

## PRAYER FOR RELIEF

WHEREFORE, Counter-Plaintiffs respectfully request that this Court entered an Order against Atari:

A. Declaring that Counter-Plaintiffs' use of the Claimed Trademarks do not infringe on any trademark rights held by Atari.

B. Cancelling USPTO Registration No. 4,214,210 for the ATARI name and logo, USPTO No. 4,324,638 for the PONG name and logo, as well as the trademarks for the CENTIPEDE, ASTEROIDS, BREAKOUT, MISSILE COMMAND, ADVENTURE and YAR'S REVENGE names.

C. Awarding Counter-Plaintiffs their costs in this action, including attorneys' fees; and

D. Granting such other relief as this Court deems just and proper.

Dated: September 14, 2018        RITHOLZ LEVY FIELDS LLP

By: _____/s/ David H. Boren_____
David H. Boren, Esq.
Attorneys for Defendants
BRAIN BUSTER ENTERPRISES, LLC and
TP APPAREL, LLC

0103236

ANSWER TO COMPLAINT AND COUNTERCLAIM

## **DEMAND FOR JURY TRIAL**

Defendants TP Apparel, LLC and Brain Buster Enterprises, LLC hereby demand a jury trial.

Dated: September 14, 2018     RITHOLZ LEVY FIELDS LLP

By: /s/ David H. Boren
David H. Boren, Esq.
Attorneys for Defendants
BRAIN BUSTER ENTERPRISES, LLC and
TP APPAREL, LLC

0103236

ANSWER TO COMPLAINT AND COUNTERCLAIM

# **CERTIFICATE OF SERVICE**

Pursuant to FRCP 5, I certify that I am a partner of RITHOLZ LEVY FIELDS LLP and that on the date shown below, I caused service of a true and correct copy of the attached: **"ANSWER TO PLAINTIFF'S COMPLAINT FILED BY DEFENDANTS TP APPAREL, LLC AND BRAIN BUSTER ENTERPRISES, LLC AND COUNTERCLAIM"** to be completed by:

_____     personally delivering

_____     delivery via Nationwide Legal Services

_____     sending via Federal Express or other overnight delivery service

_____     delivery via facsimile machine to fax no. _____

  X       delivery via electronic delivery only to:

> Keith J. Wesley, Esq.
> Ivy A. Wang, Esq.
> BROWNE GEORGE ROSS LLP
> 2121 Avenue of the Stars, Suite 2800
> Los Angeles, California  90067
> Attorneys for Plaintiff ATARI INTERACTIVE, INC.

Executed on September 14, 2018, at Los Angeles, California.

  X       (Federal)  I declare under penalty of perjury under the laws of the United States and the State of California that the above is true and correct.

                                         /s/ David H. Boren

0103236                                                                                                          1

ANSWER TO COMPLAINT AND COUNTERCLAIM