BROWNE GEORGE ROSS LLP
Keith J. Wesley (State Bar No. 229276)
  kwesley@bgrfirm.com
Ivy A. Wang (State Bar No. 224899)
  iwang@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Plaintiff and Counter-
Defendant Atari Interactive, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| ATARI INTERACTIVE, INC.,<br><br>    Plaintiff,<br><br>    vs.<br><br>TP APPAREL, LLC dba TEEPUBLIC; BRAIN BUSTER ENTERPRISES, LLC dba TEEPUBLIC,<br><br>    Defendants. | Case No. 3:18-cv-04115-JST<br>[*Related to Case No: 3:18-cv-03451-JST; 3:18-cv-03843-JST; 4:18-cv-04949-JST*]<br><br>Hon. Jon S. Tigar<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:   October 17, 2018<br>Time:   2:00 pm<br>Crtrm.: 9 |
| TP APPAREL, LLC dba TEEPUBLIC; BRAIN BUSTER ENTERPRISES, LLC dba TEEPUBLIC,<br><br>    Counter-Claimants,<br><br>    vs.<br><br>ATARI INTERACTIVE, INC.<br><br>    Counter-Defendant. | |

Pursuant to this Court's July 27, 2018, Order Setting CMC, Dkt. No. 19, and following the conference of counsel on September 27, 2018, all parties herein, through their respective counsel, respectfully submit the following joint statement in advance of the October 17, 2018, case management conference.

**1.   Jurisdiction and Service.**

All parties agree that this Court has subject matter jurisdiction and personal jurisdiction. All parties agree that both defendants TP Apparel, LLC and Brain Buster Enterprises, LLC ("Defendants") have been served, and Defendants have filed their response to the Complaint.

**2.   Facts.**

   **A.   Plaintiff's Summary of the Facts**

Plaintiff Atari Interactive, Inc. ("Plaintiff" or "Atari") is one of the most famous video game brands in history. Founded in the early 1970s in California, Atari became the pioneer in the video game industry during the 1970s and continuing into the 1980s, developing and releasing (a) home video consoles – e.g., the Atari 2600 – that set new standards in design and function, and (b) a series of hit games – e.g., Pong, Breakout, Asteroids, and many others. Atari became known to relevant consumers and the public at large by its inherently distinctive trade name, as well as its inherently distinctive A-shaped or "Fuji" logo design.

Atari has marketed, promoted, licensed, and sold products, including a catalog of more than 200 well-known games, worldwide under the Atari name and logo for over four decades. Atari also has an active licensing business through which Atari has extended its brand into other media, merchandising, and publishing categories. It goes without saying that video gamers – new and old – recognize and revere Atari's place as a very well-known and iconic pioneer of the video game industry.

Accordingly, the Atari name, logo, and classic video games are valuable intellectual property owned by Atari, and Atari has taken significant steps to protect

them from infringement. Atari obtained registrations with the United States Patent and Trademark Office for many of its trademarks and registrations with the United States Copyright Office for many of its copyrights. Through commercial use and contractual agreements with its predecessors-in-interest, Atari is the owner of USPTO Registration No. 4,214,210 for the ATARI name and logo used in connection with, among other things, "printed matter, namely posters, stickers" and "articles of clothing"; and Atari is the owner of USPTO Registration No. 4,324,638 for the PONG name used in connection with, among other things "printed matter, namely posters, stickers" and "articles of clothing."

Through contractual agreements with its predecessors-in-interest, Atari is also the owner of multiple copyright registrations for, among others, the following video games, including the visual elements thereof: *Centipede, Asteroids*, *Pong*, *Breakout*, *Missile Command*, *Adventure*, *Combat*, and *Yar's Revenge*. Through extensive and continuous promotion and sales, unsolicited press, and word of mouth, Atari also owns common law rights in various trademarks and trade dress, including the Atari name and logo, the *Centipede, Asteroids*, *Pong*, *Breakout*, *Missile Command*, *Adventure*, *Combat*, and *Yar's Revenge* names and graphics, and the overall look and feel of the Atari 2600 game console and joystick.

Atari understands and believes that Defendants operate an online marketplace through their website, www.teepublic.com, where visitors can upload designs that Defendants then display on a variety of apparel – from t-shirts to phone cases to stickers – pictured on the site. Defendants offer for sale the products on display. If a visitor to the site orders a product, Defendants make, ship, and process the payment for the product. Defendants then split the profits with the person who originally uploaded the design.

This year, as part of its intellectual property enforcement efforts, Atari discovered that Defendants were advertising, marketing, creating, displaying, and offering for sale a variety of counterfeit Atari products. Many of the counterfeit

1 products incorporated exact replicas of the registered ATARI trademark (name and
2 logo) on products in the classes for which the marks are registered.  Other
3 counterfeit products incorporated easily identifiable depictions of the Atari 2600
4 console and joystick with the distinctive red button, or designs from Atari's
5 copyrighted video games.

6      Atari thus sued Defendants for trademark infringement, counterfeiting,
7 copyright infringement, trademark dilution, false designation of origin, unfair
8 competition, contributory trademark infringement, contributory copyright
9 infringement, vicarious trademark infringement, and vicarious copyright
10 infringement.  Atari seeks actual damages, Defendants' wrongful gain, statutory
11 damages, treble damages, punitive damages, attorney's fees and costs, and
12 permanent injunctive relief.

13 **B.     Defendants' Summary of the Facts**

14      TP Apparel LLC ("TP") hosts a website, www.teepublic.com, where
15 independent art designers can upload their designs and such designs can be viewed
16 and purchased by the general public.[1]  Prior to the filing of this lawsuit, Defendants
17 had no knowledge of any sales of the at-issue goods on the website
18 www.teepublic.com.  Plaintiff did not issue any notice to Defendants in connection
19 with any such sales, in violation of the DMCA, but rushed to file this lawsuit.  If TP
20 (or Brain Buster) had known about the designs on the website, it would have
21 immediately removed them. Once TP was made aware of this lawsuit (which was
22 before the lawsuit had been served), TP immediately removed all designs at issue
23 from its website.

24      Based on what has been identified in the Complaint, there were less than 260
25 units sold and the revenue generated was less than $5,000 (so any profits are *de*

---

[1] Brain Buster Enterprises, LLC ("Brain Buster") has not been affiliated with the www.teepublic.com website since October of 2017.

1  *minimus*). With respect to *Centipede* and *Missile Command*, there was one design
2  of each. Regarding *Breakout*, two units were sold. With respect to *Pong*, ten units
3  were sold. No posters were sold. There were 20 stickers sold with gross revenue of
4  less than $50. There were 51 sweatshirts sold. Thus, to the extent any of this
5  conduct was purportedly infringing (which Defendants deny), Atari suffered very
6  little, if any, damage due to the paucity of units sold and revenue generated.
7      Defendants also have strong affirmative defenses including, but not limited
8  to, abandonment of the at-issue trademarks, failure to send a DMCA notice
9  regarding the copyright infringement claim, failure to obtain valid registrations for
10 the claimed infringements, fair use, ornamental use, parody and that any alleged use
11 by Defendants was not a trademark use.
12 **3.    Legal Issues.**
13     **A.    Plaintiff's Summary of the Key Legal Issues**
14     At this early stage, Plaintiff anticipates the key legal issues will be the
15 following:
16 • Does Atari own valid trademarks and copyrights?
17 • Did Defendants infringe upon any of Atari's trademarks and
18    copyrights?
19 • Did Defendants infringe willfully and/or with malice, fraud, or reckless
20    disregard for Atari's rights?
21 • What amount of damages – whether actual damages, wrongful profits,
22    statutory damages, and/or punitive damages – should be awarded to
23    Atari?
24 • Is any party entitled to attorneys' fees and costs, and, if so in what
25    amount?
26 • Is Atari entitled to permanent injunctive relief, and, if so, in what form?
27 / / /
28 / / /

**B.     Defendants' Summary of the Key Legal Issues**

At this early stage, Defendants anticipate the key legal issues will be the following:

- Did Atari abandon all or any of its alleged trademarks set forth in the Complaint?
- Was Atari obliged to give notice pursuant to the DMCA before filing a copyright infringement claim against Brain Buster?
- Whether Plaintiff's claims are barred because Defendants lacked knowledge of any specific infringement and/or their conduct was in good faith and innocent?
- Whether any of the designs alleged by Plaintiff are infringing?
- Whether the alleged infringing uses of the trademarks at issue in the Complaint were not used as a trademark or service mark?
- Whether the use of the trademarks were ornamental in nature and, therefore, do not create a likelihood of confusion?
- Whether Plaintiff's claims are barred by the doctrine of fair use?
- Did TP immediately remove the allegedly infringing content once it learned about such content?
- Did Defendants violate the Lanham Act?
- Did Defendants violate the Copyright Act?
- Whether USPTO Registration No. 4,214,210 for the ATARI name and logo, and USPTO Registration No. 4,324,638 for the PONG name and logo should be cancelled?
- Whether Plaintiff suffered any damages which were caused by, or attributable to, any alleged act of Defendants
- Whether Plaintiff has valid copyright registrations for the infringements alleged in the Complaint?

The parties reserve the right to amend this list.

1 **4.    Motions.**

2     The parties anticipate they will file motions for summary judgment or partial
3 summary judgment.

4 **5.    Amendment of Pleadings.**

5     At this time, no party anticipates amending the pleadings.  To the extent Atari
6 discovers, through the discovery process or its own further investigation, additional
7 trademarks or copyrights that it believes Defendants infringed or additional persons
8 or entities responsible for the alleged infringement, then Atari will likely seek to
9 amend the Complaint to include those additional trademarks or copyrights or
10 defendants at that time.  Defendants also reserve their right to amend their
11 Counterclaim.

12 **6.    Evidence Preservation.**

13     The parties have reviewed the ESI Guidelines and confirm that they have met
14 and conferred regarding reasonable and proportionate steps taken to preserve
15 evidence relevant to the issues reasonably evidence in this action.

16 **7.    Disclosures.**

17     The parties have agreed to exchange initial disclosures on or before October
18 31, 2018.

19 **8.    Discovery.**

20     The parties have discussed the discovery they anticipate serving.  Each side
21 anticipates noticing depositions of Rule 30(b)(6) representatives and serving written
22 discovery in the form of document demands and perhaps interrogatories or requests
23 for admission.  The parties may notice additional depositions – e.g., depositions of
24 witnesses disclosed in initial disclosures – but require additional information before
25 determining the scope of those additional depositions.  The parties contemplate
26 entering into a stipulated protective order protecting certain confidential and
27 commercially sensitive information that may be disclosed in discovery.  Counsel
28 have, to date, worked collaboratively and professionally together, and they will

endeavor to do so throughout the discovery process so as to avoid unnecessary motion practice.

### 9. Class Actions.

This is not a class action.

### 10. Related Cases.

This case is related to three other cases currently pending before this Court: *Atari v. Redbubble*, *Atari v. Zazzle*, and *Atari v. SunFrog*.

### 11. Relief.

Atari seeks actual damages, Defendants' wrongful gain, statutory damages, treble damages, punitive damages, attorney's fees and costs, and permanent injunctive relief. The amount of actual damages and wrongful gain requires additional discovery. To remedy trademark counterfeiting, Title 15, U.S.C. section 1117(c) provides for $1,000 to $200,000 in damages per counterfeit mark infringed for non-willful infringement, and up to $2 million in damages per counterfeit mark infringed for willful infringement. To remedy copyright infringement, Title 17, U.S.C. section 504 provides for $750 to $30,000 in damages per copyright infringed for non-willful infringement, and up to $150,000 in damages per copyright infringed for willful infringement.

Defendants/Counter-Plaintiffs seek a declaration that use of the Claimed Trademarks as set forth in the Complaint do not infringe on any trademark rights held by Atari. Defendants/Counter-Plaintiffs also seek cancellation of USPTO Registration No. 4,214,210 for the Atari name and logo and USPTO No. 4,324,638 for the Pong name and logo, as well as the trademarks for *Centipede, Asteroids, Breakout, Missile Command, Adventure, Combat* and *Yar's Revenge*. Defendants/Counter-Plaintiffs seek an award of their costs in this action, including attorneys' fees.

/ / /

/ / /

**12. Settlement and ADR.**

The parties have agreed to private mediation as their preferred form of ADR. The parties are also amenable to participating in a settlement conference with a Magistrate Judge if the Court believes such a conference would be beneficial in lieu of or in addition to private mediation. The parties have engaged in some informal settlement discussions, but no settlement appears possible at this juncture.

**13. Consent to Magistrate Judge for all Purposes.**

The parties have not consented to a Magistrate Judge for all purposes.

**14. Other References.**

The parties do not believe any other references are appropriate at this time.

**15. Narrowing of Issues.**

At this time, the parties do not believe there are issues that can be narrowed by agreement or motion. As stated above, the parties respectively intend to move for summary judgment or partial summary judgment after obtaining discovery.

**16. Expedited Trial Procedure.**

The parties do not believe this case is appropriate for the Expedited Trial Procedure of General Order No. 64 Attachment A.

**17. Scheduling**

 A. **Plaintiff's Proposed Schedule**

 Trial:  September 23, 2019

 Pretrial Conference:  August 30, 2019

 Last Day to Hear Dispositive Motions:  July 18, 2019

 Discovery Cutoff:  June 17, 2019

 Last Day to Designate Experts:  April 1, 2019

 Last Day to Designate Rebuttal Experts:  May 1, 2019

 B. **Defendants' Proposed Schedule**

 Last Day to Designate Experts:  July 15, 2019

 Last Day to Designate Rebuttal Experts:  August 15, 2019

1  Discovery Cutoff:  September 30, 2019

2  Last Day to Hear Dispositive Motions:  November 14, 2019

3  Pretrial Conference:  December 16, 2019

4  Trial:  January 13, 2020

**18.   Trial.**

The case will be tried to a jury.  The parties estimate a 5-7 day trial.

**19.   Disclosure of Non-Party Interested Entities or Persons.**

Plaintiff and Defendants have filed their respective Certification of Interested Entities or Persons required by Civil Local Rule 3-16.  Plaintiff submits that the only applicable entity required to be disclosed is Atari Interactive, Inc.

**20.   Professional Conduct**

Counsel have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Respectfully Submitted:

Dated:  October 1, 2018          BROWNE GEORGE ROSS LLP
                                  Keith J. Wesley
                                  Ivy A. Wang

                                  By:   */s/ Ivy A. Wang*
                                  Attorneys for Plaintiff and Counter-Defendant Atari Interactive, Inc.

Dated:  October 4, 2018          RITHOLZ LEVY FIELDS LLP
                                  David H. Boren

                                  By:   */s/ David H. Boren*
                                  Attorneys for Defendants and Counter-Claimants Brain Buster Enterprises, LLC and TP Apparel, LLC